IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-14-1843 |
| | § | CRIMINAL ACTION NO. H-11-0677 |
| HUGO CORTEZ-BERMUDEZ, | § | |
| | § | |
| Defendant/§ 2255 Movant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is the United States' Response and Motion to Dismiss (Document No. 95) Hugo Cortez-Bermudez' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 87). Having considered the Government's Response and Motion to Dismiss, Cortez-Bermudez' § 2255 Motion, the affidavit of Cortez-Bermudez' counsel (Document No. 94), the record of the proceedings in the underlying criminal case and on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED, that Cortez-Bermudez' § 2255 Motions to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

I.  **Procedural History**

Movant Hugo Cortez-Bermudez ("Cortez-Bermudez"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Cortez-Bermudez' first attempt at relief under § 2255.

On September 28, 2011, Cortez-Bermudez was charged by Indictment with illegal re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326(a), (b)(2) (Document No. 1). On November 18, 2011, Cortez-Bermudez pled guilty without a plea agreement (Document No. 14). A presentence investigation report (PSR) was then prepared, to which Cortez-Bermudez filed Objections. On May 31, 2012, Cortez-Bermudez was sentenced to 60 months confinement, to be followed by a three year term of supervised release (Document No. 48). A Judgment of Conviction was entered on June 6, 2012 (Document No. 51).

Cortez-Bermudez appealed, but his appeal was dismissed on October 25, 2013, as frivolous based on appellate counsel's *Anders* brief (Document Nos. 85 & 86). This § 2255 proceeding, filed by Cortez-Bermudez on or about June 16, 2014, followed (Document No. 87). The Government has filed a Response and a Motion to Dismiss (Document Mo. 95), to which Cortez-Bermudez has not, as of this date, filed a response in opposition. In addition, the record has been expanded to allow for consideration of the affidavit of Cortez-Bermudez' trial counsel (Document No. 94). This § 2255 proceeding is ripe for ruling.

**II.    Claims**

Cortez-Bermudez raises six claims in his § 2255 motion:

1. that his Sixth Amendment right to a jury trial was violated by the sentence imposed by the Court, which was based on a sixteen level enhancement to his base offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which enhancement facts were neither alleged in the indictment nor proven to a jury beyond a reasonable doubt, as is required pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013);

2. that the sixteen level increase imposed at sentencing was improper under *Descamps v. United States*, 133 S.Ct. 2276 (2013), because the prior

       conviction relied upon by the Court to support the sixteen level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) was not a "crime of violence";

3.     that his trial counsel was ineffective for failing to advise him that he could have been eligible for an additional one point decrease for timely acceptance of responsibility;

4.     that his trial counsel was ineffective for failing to object to, and argue against, a term of supervised release;

5.     that his trial counsel was ineffective for failing to request a downward departure based on cultural assimilation; and

6.     that his trial counsel was ineffective for failing to negotiate and secure a plea agreement that would have placed him in the "fast track" program.

In its Response and Motion to Dismiss (Document No. 95), the Government argues that no relief is available on any of Cortez-Bermudez' claims.

### III.   Discussion – Sentencing Claims

In two claims, Cortez-Bermudez contends that the District Court erred in sentencing him to 60 months confinement based on a sixteen level increase under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines because: (1) the facts supporting that increase were not alleged in the indictment and proven to a jury beyond a reasonable doubt, as required in *Alleyne*; and (2) the prior conviction relied upon was not a "crime of violence" under *Descamps*.

As argued by the Government, sentencing error claims are not cognizable in a § 2255 proceeding such as this. *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under

section 2255."), *cert. denied*, 516 U.S. 1165 (1996); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. . . . A district court's technical application of the [Sentencing] Guidelines does not give rise to a constitutional issue.") (citations omitted). Even if they were, the record shows that the application of the sixteen level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) was proper and did not run afoul of either *Alleyne* or *Descamps*.

In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element'" that must be submitted to the jury." The Supreme Court also expressly did not disturb its earlier decision in *Almedarez Torres v. United States*, 523 U.S. 224, 226 (1998), that 8 U.S.C. § 1326(b), which provides for enhanced penalties for defendants with a prior conviction, "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist," and, as such "neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Alleyne*, 133 S.Ct. at 2155, 2160, n.1.

In *Descamps*, the Supreme Court discussed, under the "categorical" approach and the "modified categorical" approach, when and how prior convictions can be considered for sentencing purposes. At issue in *Decamps*, as had been at issue in *Taylor v. United States*, 495 U.S. 575 (1990), was how a District Court was to determine whether a defendant's prior convictions could be used for sentencing purposes. In *Descamps*, the Supreme Court made it clear, based on its earlier holding in *Taylor*, that it is the elements – and not the facts – underlying a defendant's prior conviction that

4

generally determine whether that conviction could be considered a predicate offense for sentencing purposes. It is only when a defendant's prior conviction arises under a "divisible" statute – one that comprises multiple, alternative versions of the crime – that courts can look to charging documents, jury instructions and judgments to determine whether the prior conviction was for an offense that "fits" an enumerated predicate offense, in its generic form. In other words, under *Taylor*, and now *Descamps*, prior convictions can be used for sentencing purposes if the prior offense "fits" the elements of an enumerated predicate offense, in its generic form. That means, for purposes of this case, that a prior conviction can be considered for purposes of a sentence enhancement under § 2L1.2 of the Sentencing Guidelines if the prior conviction "fits" any of the crimes listed as "crimes of violence" in the application notes to § 2L1.2 of the Sentencing Guidelines, in their generic form.

Here, the Indictment alleged that Cortez Bermudez had re-entered the United States without permission after having been deported following a conviction for an aggravated felony (Document No. 1). Because Cortez Bermudez' prior offense did not affect the mandatory minimum sentence he faced, *Alleyne* did not require that the prior conviction be alleged with particularity in the indictment or that it be proven to a jury beyond a reasonable doubt. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (We recently acknowledged that the *Almendarez–Torres* exception survived *Alleyne.*"); *Marshall v. United States*, No. 3:13-cv-3120-K, 2013 WL 6498240 (N.D. Tex. Dec. 11, 2013) ("the *Alleyne* court expressed excluded from its holding the narrow exception to this general rule for the fact of a prior conviction.").

As for whether Cortez Bermudez' prior conviction was, or could be considered, a "crime of violence," the District Court decided at sentencing that it could based on the facts alleged in the indictment from which that prior conviction arose. In that regard, the record shows that Cortez

Bermudez had a prior felony conviction for attempted sexual assault.  The indictment related to that offense alleged that Cortez Bermudez "did then and there with the specific intent to commit the offense of sexual assault did then and there intentionally or knowingly attempt to cause the penetration of the sexual organ of Ruby Quinonez by defendant's sexual organ, without the consent of Ruby Quinonez, by touching Ruby Quinonez's breast and sexual organ with the defendant's hand and exposing his sexual organ, which said act amounted to more than mere preparation that tended but failed to effect the commission of the offense intended." (sealed Document No. 20 at 1).  Cortez Bermudez pled guilty to the Indictment, and the Judgment of Conviction reflected a finding that Cortez Bermudez was "guilty of the offense of a felony, ATTEMPTED SEXUAL ASSAULT as charged in the Indictment" (sealed document No. 20 at 2.).  In determining that Cortez Bermudez' prior conviction for attempted sexual assault was a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii), the District Court explained on the record at sentencing:

> The Court has examined the particular offense with which the defendant was found guilty in the 23rd Judicial District Court of Brazoria County, Texas, March 20, 2009.  The charging document indicted – indictment charged the defendant, Hugo Cortez, with the specific intent to commit the offense of sexual assault, that he did then and there intentionally or knowingly attempt to cause the penetration of the sexual organ of Ruby – her last name is given in the indictment – we'll refer to simply the first initial Q – by defendant's sexual organ without the consent of Ruby Q by touching Ruby Q's breasts and sexual organ with the defendant's hand and exposing his sexual organ, which said act amounted to more than mere preparation, intended but failed to effect the commission of the offense intended.
>
> The Court takes judicial notice that this is a charged crime under Texas Penal Code Section 22.011(a) and under the Criminal Attempt Statute, Texas Penal Code Section 1501 – 15.01, inasmuch as the indictment itself tracks the specific statutory language.
>
> The defendant was adjudged guilty on a plea of guilty of attempted sexual assault as charged in the indictment and that the said defendant committed the said offense on the 6th day of April, 2007, as it is recited in the judgment of the court signed March 20, 2009.

> The question of whether one – whether this adjustment, then, is appropriate for attempted sexual assault has been answered, the Court feels, in a very closely-reasoned case by the Fifth Circuit in *Sanchez versus United States* – or *The United States versus Sanchez* at 667 F.3d 555, a decision handed down in January of this year.
>
> In that case, the Court, the Fifth Circuit, held that the elements of the Texas Attempt Statute, that is, Texas Penal Code Section 15.01, satisfies the generic contemporary definition of "attempt" as required for a prior conviction to be a crime of violence warranting enhancement of the sentence. In that instance, it was the sexual assault of a child or an attempted sexual assault of a child under Texas law, once again under the same two statutes that this defendant was convicted under, that is, Section 22.011. In that case, it was (a)(2) rather than (a)(1) and (c)(1) and then, as I say, Section 15.01 of the Texas Criminal Code.
>
> The Court of Appeals held specifically that more than a – that the prior – recalled that prior case law requires that there be a clear substantial step and the substantial step must be an act strongly corroborated by the actor's criminal intent and amount to more than mere preparation.
>
> The Court held that, in that instance, which – and as I find in this instance from the charging document, plea of guilty, and judgment of guilty on this crime – that this did entail, and as it was so alleged in the indictment, more than mere preparation and actually constituted a substantial step for the acts of the defendant strongly corroborated the defendant's criminal intent and amounted to more than mere preparation.
>
> The Court of Appeals pointed out that they have found no authority and *Sanchez* did not demonstrate that the Texas Attempt Statute to criminalize conduct sweeps more broadly that the substantial test – substantial test for an attempt.
>
> And, so, I find for all of those reasons, and the authorities that appear to control on the interpretation of the definition of "crime of violence" following the amendment to the Application Note 1 of Section 2L1.2(2), that the objection made by the defendant is denied and that the offense level had been correctly adjusted by 16 levels based upon the prior conviction of attempted sexual assault.

Sentencing Transcript (Document No. 71) at 6-8.

On this record, nothing in *Descamps* calls into question the reasoning of the District Court or the applicability of the sixteen level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii). That is because a "crime of violence" is defined in the application notes to § 2L1.2 of the sentencing guidelines as:

7

"any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent or coerced)*, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal state, or local law that has as an element the use, or threatened use of physical force against the person of another." (emphasis added). Cortez Bermudez' prior conviction was a 2009 conviction for attempted sexual assault under § 22.001(a)(1) of the Texas Penal Code, which provides:

> (a) A person commits an offense if the person:
>
> (1) intentionally or knowingly:
>
> (A) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent;
>
> (B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or
>
> (C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ or another person, including the actor[.]

This statute appears divisible as it "comprises multiple, alternative versions" of the crime of sexual assault. When the multiple, alternative versions of the crime of sexual assault under § 22.011(a)(1) of the Texas Penal Code are viewed in connection with the parameters of an "attempt" under § 15.01 of the Texas Penal Code[1] and in connection with the indictment and judgment documents related to that prior conviction, it is clear that Cortez Bermudez' prior conviction for attempted sexual assault

---

[1] Under § 15.01(a) of the Texas Penal Code, "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

8

"fits" the forcible sex offense description in the application notes to § 2L1.2 of the Sentencing Guidelines, and was therefore a "crime of violence" within the meaning of § 2L1.2 of the Sentencing Guidelines. *See e.g. United States v. Sanchez*, 667 F.3d 555 (5th Cir. 2012) (prior conviction for attempted sexual assault of a child under Texas Penal Code § 22.011 was a crime of violence under § 2L1.2 of the Sentencing Guidelines); *United States v. Diaz-Corado*, 648 F.3d 290 (5th Cir. 2011) (prior conviction for unlawful sexual contact under Colorado law, because it "falls within the Commentary's definition of a forcible sex offense," was a crime of violence under § 2L1.2 of the Sentencing Guidelines).[2] Cortez Bermudez' arguments that *Descamps* compels a different conclusion are without merit.

---

[2] In a recent, but pre-*Descamps* opinion, the Fifth Circuit in *United States v. Rodriguez*, 711 F.3d 541, 552-53 (5th Cir. 2013), set forth a multi-part approach for determining whether a prior conviction "fit" the "'generic, contemporary meaning' of non-common-law offense categories enumerated in federal sentencing enhancements":

> First, we identify the undefined offense category that triggers the federal sentencing enhancement. We then evaluate whether the meaning of that offense category is clear from the language of the enhancement at issue or its applicable commentary. If not, we proceed to step two, and determine whether that undefined offense category is an offense category defined at common law, or an offense category that is not defined at common law. Third, if the offense category is a non-common-law offense category, then we derive its "generic, contemporary meaning" from its common usage as stated in legal and other well-accepted dictionaries. Fourth, we look to the elements of the state statute of conviction and evaluate whether those elements comport with the generic meaning of the enumerated offense category.

Using that four step process, it appears that the offense category that triggered the sentencing enhancement at issue herein – "forcible sex offense" – was defined, or at the very least explained, in the application notes as including offenses "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent or coerced." To the extent this offense category can be viewed as "defined," or as having a meaning that is clear from the enhancement itself or its application notes, Cortez Bermudez' prior conviction for attempted sexual assault under § 22.011(a) of the Texas Penal Code necessarily fell within this offense category due to each alternative version of the crime having a lack of consent to the sexual contact as an element of the offense.

9

Cortez Bermudez' sentencing error claims, because they are not cognizable in this § 2255 proceeding, and because they have no merit under *Alleyne* or *Descamps*, are subject to dismissal.

### IV.    Discussion – Ineffectiveness Claims

In his next four claims, Cortez-Bermudez contends that his trial counsel was ineffective both prior to his entry of a guilty plea, and at sentencing. With respect to counsel's performance prior to his guilty plea, Cortez-Bermudez argues that counsel: (1) should have advised him that he could have obtained an additional one-point reduction in his adjusted offense level if he had timely pled guilty and accepted responsibility, and (2) should have secured a plea agreement that would have put him in the "fast track" program. As for counsel's performance at sentencing, Cortez-Bermudez argues that counsel: (1) should have argued against a term of supervised release given that he was subject to deportation following his term of incarceration, and (2) should have asked and argued for a downward departure based on cultural assimilation.

Claims of ineffective assistance of trial counsel are generally measured by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Id*. at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-689. The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A petitioner has the

burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Under *Strickland's* deficient performance prong, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993). Moreover, the reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct, not in hindsight. *Strickland*, 466 U.S. at 690-691. Under *Strickland's* prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Cortez Bermudez' ineffectiveness claims based on counsel's performance prior to the entry of his guilty plea have no merit. Cortez Bermudez' trial counsel, Lynette Aguilar Martinez, stated in her affidavit that she explained to Cortez Bermudez the advantage of an early guilty plea and the availability of an additional one point reduction for acceptance of responsibility, but Cortez Bermudez insisted during the early stages that he wanted to challenge the alleged "aggravating" nature of the charged offense, and, as well, wanted to maintain his right to appeal. (Document No. 94 at 3). Cortez Bermudez has provided no evidence, through an affidavit or otherwise, to the contrary. In addition, the record clearly and unequivocally reflects that Cortez Bermudez actually

11

received a three-point reduction for acceptance of responsibility – the maximum allowed for under § 3E1.1. As for counsel's failure to negotiate a plea agreement that would have placed him in the "fast track" program, Cortez Bermudez has offered no evidence that such a plea agreement could have been secured. As stated by counsel, and as reflected in the Attorney General Policy Memorandum referred to by the Government, Cortez Bermudez was not eligible for the "fast track" program due to the nature of his prior conviction(s) and his insistence that he maintain his right to appeal. *See* www.justice.gov/dag/fast-track-program.pdf.

    As for counsel's performance at sentencing, Cortez Bermudez has made no showing that the Court would have been inclined to forego a term of supervised release if such a request had been made, or that a specific cultural assimilation argument by counsel would have garnered him a lesser sentence. The record shows that Cortez Bermudez was sentenced by the Court to sixty months confinement, which was on the low end of the applicable guideline range. In addition, the record shows that counsel submitted several letters from his family members evidencing Cortez Bermudez' family ties and his work ethic. Cortez Bermudez has come forth with nothing more that would have supported a departure from the applicable guideline range based on cultural assimilation. *See United States v. Rodriguez-Montelongo*, 263 F.3d 429, 433-434 (5th Cir. 2001) ("cultural assimilation is a permissible basis for downward departure" under section 5K2.0 of the United States Sentencing Guidelines, but that such a departure is to be made only where the circumstances are "so atypical or extraordinary"). As such, there is no reasonable likelihood that counsel's failure to request that a supervised release term not be imposed, or seek a downward departure based on cultural assimilation, had any effect on Cortez Bermudez' sentence.

Under *Strickland*, no relief is available to Cortez Bermudez on any of his ineffectiveness claims.

V.     **Conclusion and Recommendation**

Based on the foregoing and the conclusion that no relief is available to Cortez-Bermudez on any of his claims, the Magistrate Judge

RECOMMENDS that the United States' Motion to Dismiss (Document No. 95) be GRANTED, that Movant Hugo Cortez-Bermudez' 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 87) be DENIED, and that this § 2255 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 28th day of January, 2015.

Frances H. Stacy
United States Magistrate Judge